UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 0:08-CR-0072 (PJS/SRN) |
| Plaintiff, | |
| v. | ORDER |
| (1) TIMOTHY CONRAD REHAK and<br>(2) MARK PAUL NAYLON, | |
| Defendants. | |

Joseph T. Dixon, III and John R. Marti, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Kevin J. Short, SHORT LAW FIRM; Paul C. Engh, ENGH LAW OFFICE, for defendant Timothy Conrad Rehak.

Paul W. Rogosheske, THUET, PUGH, ROGOSHESKE & ATKINS, LTD., for defendant Mark Paul Naylon.

This matter is before the Court on the objections of defendants Timothy Conrad Rehak and Mark Paul Naylon to the June 5, 2008 Report and Recommendation ("R&R") of Magistrate Judge Susan R. Nelson. Because Judge Nelson had before her one motion filed by Naylon alone (a motion to suppress evidence) and several motions filed by Rehak and joined by Naylon, her R&R was docketed twice, once with respect to each defendant [Docket Nos. 47 & 48]. The Court heard argument on defendants' objections on July 10, 2008.

Naylon moves to suppress evidence that police gathered when they searched a police-department-owned car that was in Naylon's garage. Judge Nelson recommends denying the motion. Because Naylon has not objected to this recommendation, the Court adopts it and denies the suppression motion.

Rehak moves, in four separate motions, to dismiss all eight counts of the indictment and to strike certain portions of the indictment as surplusage. Naylon joins these motions. Judge Nelson, in her R&R, recommends denying all four motions. The Court has reviewed de novo those portions of the R&R to which Rehak and Naylon object, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b)(3), and agrees with Judge Nelson's reasoning and recommendation. The Court therefore adopts her R&R and denies the motions.

The Court notes, however, that it is not entirely clear, under Eighth Circuit law, precisely what conduct by a defendant can support a prosecution for honest-services wire fraud under 18 U.S.C. §§ 1343 and 1346. In particular, the Eighth Circuit held in *United States v. Jennings* that when a public official violates a state statute, the violation is *sufficient* to support a charge of honest-services wire fraud. 487 F.3d 564, 578 (8th Cir. 2007). But *Jennings* expressly declined to say whether such a violation is *necessary* to support a charge of honest-services wire fraud. *Id.* ("[B]ecause we hold that the government presented evidence sufficient to prove that Jennings violated Minn. Stat. § 10A.07, we save our discussion of the limits of § 1346 for a future case."). This lack of clarity does not warrant dismissing counts 1 to 6 of the indictment, but it will have to be taken into account in crafting the jury instructions and verdict form.

That process may prove to be difficult. At the July 10 hearing, the Court expressed concern to the government about how broadly it had charged this case. The heart of the government's case is simple and straightforward: Rehak and Naylon stole some of the money that they found during the November 3, 2004 search. If the jury accepts this theory, it will almost surely find that Rehak and Naylon violated Minn. Stat. § 609.52, and, under *Jennings*,

there is no question that a violation of Minn. Stat. § 609.52 is sufficient to support an honest-services wire-fraud conviction.

But the government has charged a much broader case.  It argues that, even if the jury *rejects* its theory and concludes that Rehak and Naylon did *not* steal money on November 3, 2004, the jury could nevertheless convict the defendants of wire fraud based upon violations of, for example, a rule of conduct of the St. Paul Police Department requiring officers to report that they are under investigation, or a rule of conduct of the Ramsey County Sheriff's Department requiring deputies not to conduct themselves in a manner that "adversely affects the morale or efficiency of the department," or a Minnesota statute requiring peace officers to leave a receipt for items taken during the execution of a search warrant.  Likewise, the government argues that the jury could convict the defendants for their actions in connection with a July 14, 2005 search in which the defendants did not steal anything.  In short, the government has charged this case about as broadly as possible, apparently hoping to make new law, or hoping that, if the jury rejects their core contention, the jury will still convict the defendants of something.

The government's decision will substantially prolong this trial and require the Court to ask the jury to do a great deal of arguably unnecessary work.  If the Court understands the government's position, it wants the jury to be asked, with respect to each defendant, and with respect to each of the six wire-fraud counts, whether the conduct of the defendant violated any of a list of state statutes, departmental rules, or common-law duties.  The jury potentially will have to answer dozens of questions to resolve what should be a simple case.

At the July 10 hearing, the Court urged the government to consider narrowing the charges so as to avoid raising very complicated legal issues and somewhat troubling equitable

considerations. In response, the government sent a letter to the Court agreeing that, for purposes of this case only, the jury may be instructed "that a violation of a state-imposed duty is necessary to find the defendants guilty of Counts 1 through 6." Gov't Letter July 16, 2008 at 1. Unfortunately, though, the government did not define "state-imposed duty." If "state-imposed duty" includes the duty to follow departmental rules (as the government's letter implies) and to act consistently with common-law fiduciary obligations, then the government has not narrowed its case at all. Moreover, the government warns that it "will seek a superseding indictment next week adding a few additional state law provisions on point." *Id.* Thus, the government seems to have responded to this Court's suggestion that it simplify its case by deciding to *add* yet more state-law provisions to the already lengthy list that appears in the indictment.

None of this is directly relevant to the question of whether Judge Nelson's R&R should be adopted. But the parties are warned that because the government has charged this case very broadly, and because the government seems unwilling to meaningfully narrow or simplify the issues, the parties should be prepared to do substantial legal research and briefing while in trial and to devote substantial time to assisting the Court in figuring out how the jury will be charged and verdict form drafted.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES the objections of defendants Rehak and Naylon and ADOPTS Judge Nelson's R&R [Docket Nos. 47 & 48]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Naylon's motion to suppress [Docket No. 34] is DENIED.

considerations. In response, the government sent a letter to the Court agreeing that, for purposes of this case only, the jury may be instructed "that a violation of a state-imposed duty is necessary to find the defendants guilty of Counts 1 through 6." Gov't Letter July 16, 2008 at 1. Unfortunately, though, the government did not define "state-imposed duty." If "state-imposed duty" includes the duty to follow departmental rules (as the government's letter implies) and to act consistently with common-law fiduciary obligations, then the government has not narrowed its case at all. Moreover, the government warns that it "will seek a superseding indictment next week adding a few additional state law provisions on point." *Id.* Thus, the government seems to have responded to this Court's suggestion that it simplify its case by deciding to *add* yet more state-law provisions to the already lengthy list that appears in the indictment.

None of this is directly relevant to the question of whether Judge Nelson's R&R should be adopted. But the parties are warned that because the government has charged this case very broadly, and because the government seems unwilling to meaningfully narrow or simplify the issues, the parties should be prepared to do substantial legal research and briefing while in trial and to devote substantial time to assisting the Court in figuring out how the jury will be charged and verdict form drafted.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES the objections of defendants Rehak and Naylon and ADOPTS Judge Nelson's R&R [Docket Nos. 47 & 48]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Naylon's motion to suppress [Docket No. 34] is DENIED.

2.	Rehak's motion to dismiss counts 1-6 [Docket No. 22], joined by Naylon [Docket No. 35], is DENIED.

3.	Rehak's motion to dismiss count 7 [Docket No. 23], joined by Naylon [Docket No. 35], is DENIED.

4.	Rehak's motion to dismiss count 8 [Docket No. 24], joined by Naylon [Docket No. 35], is DENIED.

5.	Rehak's motion to strike surplusage [Docket No. 25], joined by Naylon [Docket No. 35], is DENIED.

Dated:  July 21, 2008	s/Patrick J. Schiltz
	Patrick J. Schiltz
	United States District Judge